## 28373. WEST v. THE STATE.

Submitted October 15, 1973 — Decided November 9, 1973.

*Stanley P. Herndon,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James H. Mobley, Jr., Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Michael Dyer, Deputy Assistant Attorney General,* for appellee.

Grice, Presiding Justice. Robert Lewis West appeals from the judgment of conviction and sentence in the Superior Court of Fulton County of two counts of armed robbery and two counts of misdemeanor. He was sentenced to terms of 15 and 10 years confinement for the armed robberies and terms of 12 months each for the misdemeanors of carrying a pistol concealed and without a license, all to run concurrently.

In his amended motion for new trial he asserts the general grounds, and also failure to grant his motions for mistrial made when the prosecuting attorney presented before the jury in the sentencing phase evidence of orders revoking probation without having made known to the defendant prior to trial his intention to use such evidence in aggravation.

The enumerations of error are the overruling of the grounds of the amended motion for new trial.

■ The general grounds of the motion for new trial are manifestly not meritorious since the evidence was ample to support the verdict of guilty on all of the charges submitted to the jury. The victims of the offenses positively identified the appellant as the perpetrator. The jury chose to believe their sworn testimony and that of the police officers making the arrests rather than his unsworn statements. Therefore this contention cannot be sustained.

■ The other issue upon this appeal relating to presentation before the jury of evidence as to revocation of probation involves Ga. L. 1970, pp. 949, 950; Ga. L. 1971, p. 902 (Code Ann. § 27-2534). That provision is in material part as follows: "Where the jury returns a verdict of guilty, the court shall resume the trial and conduct a pre-sentence hearing before the jury at which time the

only issue shall be the determination of punishment to be imposed. In such hearing, subject to the laws of evidence, the jury shall hear additional evidence in extenuation, mitigation and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas; Provided, however, that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible."

The following is essentially what transpired upon the trial now under review, insofar as the preceding sentencing provision is concerned.

In the pre-sentence hearing the state introduced without objection a document marked as State's Exhibit 7, showing that the defendant pled guilty to larceny of an automobile in 1964 for which he was sentenced to five years and payment of a fine, to serve three years on probation with the other two years suspended.

State's counsel then tendered State's Exhibit No. 8, informing the court that on August 5, 1965, "there was a hearing and the probation was revoked on the guilty plea that I just announced and the defendant was sentenced to one year in prison."

Defense counsel objected to introduction of this document urging in substance that it was not authorized by law. The court admitted State's Exhibit No. 8.

Immediately thereafter state's counsel sought to introduce State's Exhibit No. 9, stating that it "goes back again to the guilty plea in 1964 after probation was revoked and the defendant was sentenced a year to serve on his revoked probation. He was released again and again he violated the probation to follow."

Defense counsel then objected to state counsel's narration on what occurred upon the ground that the documents speak for themselves. This objection was sustained.

Thereupon defense counsel made "the same objection to this order of revocation of probation as the previous one." Also he moved for a mistrial.

At that point the judge retired the jury. Discussion was had as to whether the two revocation of probation documents should be considered by the jury. State's counsel offered to withdraw them. The trial judge indicated that he would so inform the jury and give appropriate instructions. Defendant's counsel renewed his motion for mistrial which was again denied.

Upon return to the courtroom the judge stated to the jury as

follows: "Ladies and gentlemen, in further consideration of the matter, the state has withdrawn its tender of State's Exhibits 8 and 9. Those matters will not be submitted to you for your consideration in this phase of the case, and I specifically instruct you to disregard any reference to such exhibits or what they may or may not indicate. I instruct that you are to erase from your mind any reference from those exhibits and what they may or may not indicate, so at this point, the only exhibit admitted into evidence is State's Exhibit No. 7."

In view of what thus transpired, we find no cause for reversal in the denial of the motions for mistrial, particularly since the state withdrew the two documents objected to and the judge emphatically instructed the jury to disregard them.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from Division 2 and from affirmance of the sentence.*

GUNTER, Justice, dissenting. I dissent from Division 2 of the majority opinion and from the judgment of affirmance in so far as the sentence imposed is concerned.

It is clear to me that under the Georgia statute Code Ann. § 27-2534), ". . . only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." The evidence relative to revocation was not admissible in this case, and for the state to offer it and the court to admit it over objection, and for the state to then withdraw it and for the trial judge to then instruct the jury to erase such evidence from their minds does not, in my opinion, add up to "harmless error." Such evidence was quite harmful in so far as the sentence to be imposed by the jury was concerned.

I would reverse the judgment below, directing the trial court to conduct a new sentencing trial.

I respectfully dissent.

I am authorized to state that Justice Ingram concurs in this dissent.